# MARYLAND REPORTS.

## APRIL TERM, A. D., 1888.

JOHN G. BRENDEL *vs.* JONATHAN B. KLOPP, and ELIZA-
BETH, his wife.

*Partition—Sale of Land—Sec. 99 of Art. 16 of the Code
as amended by Act of 1886, ch. 232—Lease of Doubtful
validity—Practice in Equity—Parties.*

Where a bill is filed under section 99 of Article 16 of the Code, as
amended by the Act of 1886, ch. 232, for the sale of real estate,
because it cannot be divided in kind, without loss or injury to
the parties in interest, the Court must, if the parties will not
agree among themselves, decree a sale, although the sale may
not bring any money into Court for distribution.

Where in a suit for the sale of land, as being incapable of partition
without loss or injury to the parties interested, it appears from
the answer that there is an outstanding lease of the property,
the validity of which is questioned, the Court should withhold
the bill for a reasonable time to afford the parties an opportunity
of testing the validity of the lease.

On a bill filed under section 99 of Article 16 of the Code, as
amended by the Act of 1886, ch. 232, for the sale of real estate,
which is subject to a leasehold interest, it is not necessary to
make the lessees parties.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE,
MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

1                            v. 69.

for the appellees, and submitted on brief for the appellant.

*Thomas Hughes,* for the appellant.

*W. Burns Trundle,* for the appellees.

It cannot be presumed that trustees were not elected, and that the requirements of the Act of 1802, ch. 111, upon which the validity of the leasehold estate in its inception may have depended, were not complied with in any case, and especially in a proceeding like this, which is collateral to that title, and when the assumption of that state of facts would work a forfeiture of a term, the validity of which, for aught that appears, has been acquiesced in for seventy-eight years. The rule in such cases is: *"Omnia presumuntur rite et solenniter acta."* *Broom's Legal Maxims,* sec. 943; *Gibson vs. Doey,* 2 *H. & N.,* 615, 623.

The church is not before the Court in the position of *asserting* a right to the leasehold estate, *affirmatively;* in which case it might be necessary for it to prove title by compliance with all conditions precedent to the validity of its title. But here are two defendants in a partition suit, objecting to the proceedings upon the ground of want of parties, alleging that an outstanding lease for ninety-nine years is void; they must, at least, in their plea, negative the existence of such facts as would validate that title.

The Legislature, by the Act of 1802, ch. 111, sec. 8, in providing for the subject, restricts the quantity of land to be acquired by a religious body whose trustees are incorporated under that Act, to two acres in fee simple, but such body corporate may acquire any kind of chattels, only so that the yearly income exceeds not $2,000.

The interest created by the lease is a mere chattel, *Devecmon vs. Devecmon,* 43 *Md.,* 347, and there is noth-

ing in the plea to show that the income thereon derived, ever, at any time, exceeded $2,000 a year, a fact which cannot, of course, be assumed.

Assuming that the theory of the defendants is correct as to the construction of the lease, if a trust ever resulted in favor of the lessor, it resulted in 1808, upon the sealing and delivery of the lease; the plea alleges no fact from which a recognition of such trust in favor of the lessor and those claming under him can be inferred, on the part of those holding the legal title to the term—hence such trust is barred by limitations. *Needles vs. Martin*, 33 *Md.*, 619; *Robinson vs. Hook*, 4 *Mason, Ct. Ct.*, 152; *Cholmondeley vs. Canton*, 2 *Jac. & W.*, 174; *McCoy vs. Poor*, 56 *Md.*, 204-208.

The law will presume, that those who have held undisputed possession of the leasehold estate for nearly four-score years, hold it by legal and indefeasible title.

But, apart from all this, the objection is wholly untenable, when the nature of this suit is considered. A partition suit is not a proceeding to try title—and only those are proper parties who are entitled to partition in case no sale is necessary. *Savary vs. DaCamara*, 60 *Md.*, 139–145, 149.

While the plaintiff and all the defendants are tenants in common of the reversion, yet neither the plaintiff nor the defendants, (who together owned the fee,) are in any sense either joint tenants, tenants in common, parceners or concurrent owners, with those who own the leasehold estate. The latter are therefore neither necessary nor proper parties. "Each has a separate, independent interest, and the proceeding of one can neither avail nor bind the other." *Baring vs. Nash*, 1 *Veasey & B.*, 551, 554.

The claim of the reversioners, from the standpoint of these two objecting defendants is *adverse* to that of the owners of the leasehold estate. They are to be

made parties for the purpose of concluding their rights to the possession of the leasehold estate, the proper office of an ejectment. But it is well settled that a suit in equity cannot be made to subserve the purposes of an action of ejectment. *Hecht vs. Colquhoun,* 57 *Md.,* 563.

Unless the plaintiff could acquire, by a partition in kind, an estate in severalty, wholly disconnected with that of his co-tenants, and independent of them, he may insist upon a sale as a matter of right. The decree for sale was rightly passed. *Campbell vs. Lowe,* 9 *Md.,* 500, 509; *Thruston vs. Minke,* 32 *Md.,* 576; *Wilson & Hunting vs. Green,* 63 *Md.,* 547, 549.

ROBINSON, J., delivered the opinion of the Court.

This is, in some respects at least, a remarkable case. The bill is filed under sec. 99, Art. 16 of the Code as amended by the Act of 1886, ch. 232, for the sale of two and one-half acres of land, because it cannot be divided in kind, without loss or injury to the parties in interest. The lot of ground is subject to a leasehold estate of ninety-nine years, renewable forever, upon the payment of an annual rent of six cents, which leasehold estate is held in trust for the use and benefit of the High German Lutheran Church in Baltimore City.

The inheritance subject to this leasehold interest, belongs to *seventy-five persons,* and is valued at $125. The lot is not, according to the proof, susceptible of partition without loss and injury to the parties in interest, and thereupon the Court decreed it should be sold. What advantage the owners of the inheritance are to derive from a sale, is not apparent, certainly upon the face of the record, for the costs of suit to the date of the decree amount to $167.55, to which must be added commissions to the trustee, cost for advertis-

ing, recording, &c. So instead of bringing money into Court for distribution among the parties in interest, the proceeds of sale would be altogether insufficient to pay the costs of the proceeding. And then again, if the lot was divided into seventy-five parts, it would be impossible to divide the annual rent of *six cents* between *seventy-five persons*. It does not therefore seem to us that the parties are to derive any benefit either from a sale or partition. But each of the seventy-five persons is entitled to an undivided interest in the inheritance, and if they will not come to terms as between themselves, and will insist that the law shall take its course, the Court is bound to decree a partition or sale. Partition was at common law a matter of right, but under our Code, if it cannot be made without loss or injury to the parties, the Court must decree a sale of the property. We all remember the case before Lord ELDON, for the partition of a house, and as a partition seemed to be ruinous, in mercy to the parties, the cause was continued so that they might come to terms between themselves. But the defendant having refused either to buy or sell at a price named, the commission was ordered, and upon its return exceptions being filed to its ratification by the defendant, on the ground that the commissioners had allotted to the complainant all the chimneys and fire-places, and the only stairway in the house and all the conveniences of the yard, Lord ELDON overruled them, saying he did not know how to make a better partition for the parties; that he granted the commission with great reluctance, but was bound to do so by authority, and that the parties ought to have come to terms between themselves. *Turner vs. Morgan,* 8 *Ves.,* 143 ; *Watson vs. The Duke of Northumberland,* 11 *Ves.,* 157, *and Agar vs. Fairfax,* 17 *Ves.,* 546.

So in this case as the proof shows that the property will not divide in kind, without loss or injury to the

Brendel *vs.* Klopp.

parties, if they will not agree among themselves, there is nothing left for the Court to do but to decree a sale, although the sale may not bring any money into Court for distribution.

There is however an objection to the decree below, and one on account of which it must be reversed, and the cause remanded. The defendants in their answer allege that the lease granted to certain persons therein named for the use and benefit of the High German Lutheran Church is a void lease, because the beneficial lessees were unincorporated at the time it was made, and that the parties to the suit are entitled to the property, free and discharged of this alleged leasehold estate. If this be so, then the interest of the parties in the lot may be a valuable interest, and the Court ought under such circumstances to have withheld the bill, for a reasonable time, until the validity of the lease was tested, or at least to have given the parties an opportunity to test its validity. The delay could not possibly work any injury, for if the lot was sold subject to the lease, the proceeds of sale, it is clear, would not even pay the costs of suit. So there was no money for the parties from such a sale. And besides, where there is a question as to the quantity of interest to which the parties are entitled, the Court ought to stay the proceedings until that question is determined. *Com. Dig. Chanc.*, (4 *E.*); *Bishop of Ely vs. Kenrick*, *Bunb.*, 322; *Blynman vs. Brown*, 2 *Vern.*, 232; *Parker vs. Gerard*, *Ambler*, 236.

As to making the owners of the leasehold interest original parties, it does not strike us there is any force in this objection. The bill was filed for the sale of the inheritance subject to this interest, and such a sale could not in any manner affect the interest of the lessees. And this being so, it was not necessary to make them parties. In *Baring vs. Nash*, 1 *Ves. &*

*Beames*, 551, where a demurrer was taken to a bill filed by a lessee for a long term of years in *one-tenth* of the property, against the owners of the inheritance of the other *nine-tenths*, because the owner of the inheritance of the one-tenth was not made a party. Sir THOMAS PLUMMER, Vice-Chancellor, overruled the demurrer, on the ground that if he had been made a party, *the owner of the term* could not compel him to join in the partition. They represent, he said, between them the absolute interest in the tenth part, but each has a separate, independent interest, and the proceeding of the one can neither avail nor bind the other. *Wills vs. Slade*, 6 *Ves.*, 498; *Turner vs. Morgan*, 8 *Ves.*, 143.

> *Decree reversed, and*
> *cause remanded.*

(Decided 12th April, 1888.)