# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed April 24, 1897.

Supplemental Opinion filed June 1, 1897.

MARGARET W. CLARK

VS.

HARRIET A. DUSHANE, ET AL.

*Findlay & Mackenzey* for plaintiff.

*A. W. Machen, Blakistone & Blakistone* and *Geo. Dobbin Penniman* for defendants.

**STOCKBRIDGE, J.—**

This is a proceeding for the sale and division of the estate of John Dushane, deceased, in accordance with the terms of his will, among all of the parties entitled to share therein, whether their interest be absolute or beneficial, as cestui que trustent.

The relief asked is opposed both in the answer and by special motion upon the ground that the plaintiff has a means of full and complete relief provided for her in another proceeding already pending in this Court, in which it is only necessary for her to intervenc by a petition, and, therefore, that this bill should be dismissed. If the contention be correct that the same relief which is now asked, is obtainable in that proceeding, the weight of authority is overwhelming that such position is well taken.

The first step, therefore, is to examine the prior case. The bill to Harriet A. Dushane et al. vs. John A. Dushane et al., filed October 17, 1889, is not inartificially drawn. After full recitals it concludes with five prayers for relief, as follows: 1. For the allotment in severalty of the balance of the share of John A. Dushane under the will of John Dushane. 2. For the sale of a sufficient amount of the personal estate that this allotment may be made and appointment of a trustee to make the sale. 3. For the appointment of a trustee or trustees by way of substitution for John A. Dushane. 4. That after the share of the said John A. Dushane shall have been seggregated and paid to him that the bill may be retained to the end that in case of the decease hereafter of any of the said equitable life tenants, his, her, or their share or shares devised in trust for them respectively by the will of John Dushane, deceased, may be ascertained and set apart under the direction of this Court and allotted to the person or persons entitled thereto, and in accordance with the provisions of the said will; and then 5. For general relief.

The bill nowhere contains any prayer either that the Court shall assume the jurisdiction of the administration of the trusts created by the will of Mr. Dushane, or for a partition of the estate in kind in the proportions devised by the terms of the will or that there shall be a sale and division of the whole estate, other or further than the same may be inferred as constituting a portion of the general relief prayed.

After appropriate proceedings a decree was entered in this case on the 17th of February, 1890, by which the specific relief asked for in the first, second and third prayers of the bill was granted, but that decree did not in terms assume any jurisdiction whatever over the then uncompleted trusts, or the administration of them, nor make any provision whatever for a partition of the entire estate or for its sale looking to a division of the whole estate. It did provide, and this apparently under the fourth prayer of the bill rather than under the prayer for general relief, that after the segregation of the interest of John A. Dushane the balance of the estate was to be retained *in solido* in the hands of the trustees "until the further order or decree of this Court in the premises," and further that "the bill in the cause be retained with leave to the parties or any of them to apply at any time or times hereafter for such further relief or further order or decree in the premises, touching the undivided remainder of said residuary estate as they may be advised or the circumstances of the case may require, and all matters and questions not by this decree finally disposed of are hereby reserved for future consideration and determination."

That this was not an assumption of jurisdiction by the Court within the understanding of the parties is manifest from the fact, that no trust reports have been filed in this Court in accordance with the provisions of the thirty-first rule. The wording of the decree above quoted from, contains nothing *looking to a partition of the estate*, unless it be that a partition in law is gratified by the setting off from time to time, first one and then another portion of the trust estate as the trusts created by the testator severally expire, and the estates are transformed into absolute interests. There could in all probability in the event of the death of all the cestui que trustent interested in any particular trust have been the dis-

tribution of the fund of that particular trust property, or fund among the parties entitled to the absolute estates in it, and if this constituted a partition, an intervention in that case would have been sufficient, but not if the object had been to require a division of the entire estate, and this latter is the prayer of the present bill.

This brings us to the enquiry as to what are the rights of a tenant in common with reference to the property held in common. Has such a one the absolute right to compel a partition, or sale or division of the entire estate, or can that be sufficiently gratified within the meaning of the statute by an appraisement and setting off to one such tenant property to the amount of his or her estimated interest?

The will of Mr. Dushane undoubtedly contemplated that the division of his estate should take place *immediately* upon the demise of his widow, but the Court is not now called upon to construe his will, but simply to pass upon the legal rights of the parties interested under it. There is no dispute that the plaintiff is entitled absolutely to one twenty-fourth part of the estate, which consists of real and personal property. She is therefore a tenant in common and entitled to all the legal rights which inhere in a tenant in common and to no others. It is also clear from the evidence that if by a partition of the estate is to be understood the division of the entire remaining estate of Mr. Dushane in accordance with the provisions of his will that it is insusceptible of partition in kind, and would have to be sold.

The real queston therefore for determination and the one which must be decisive of this case is the legal right of a tenant in common, and what is the division, or partition that the law contemplates as between the parties, and is it gratified by the setting off of a single interest at an appraised value? Orginially, "partition was a matter of right; the Court was bound to decree it without regard to whether it was beneficial or injurious to the parties. It had no power, under any circumstances, to decree a sale and distribute the proceeds among the parties according to their respective interests. It was to remedy this that our statute provided if a partition could not be made without loss or injury to the

parties the Court could decree a sale of the property. But the Court has no right to decree a sale except under such circumstances as would have justified a partition before the statute. And inasmuch as there could not be a partial partition, for the same reasons there can not be a sale of a part interest in the property. The statute means that the entire property shall either be divided or sold."

This language, which I have quoted from the case of Dugan and Lyman, trustees, vs. The Mayor and City Council of Baltimore, 70 Md. pp. 6 and 7, is to my mind controlling of this case. As a tenant in common, the plaintiff would before the statute have been entitled absolutely to a partition of the entire property, and therefore she is equally entitled to a sale of the entire property. And since under the decision of our Court of Appeals, from which I have quoted, a partition relates to the entire estate and not to the segregation of a single share, I cannot find under the views before expressed that she could have obtained full relief in the proceeding of 1889, and therefore the defense of lis pendens is insufficient.

In accordance with these views a decree will be signed for the appointment of a trustee or trustees to make sale of the entire remainder of the estate of John Dushane, to the end that it may be divided in accordance with the provisions of his will.

OPINION UPON MOTION FOR A REHEARING IN THE ABOVE CASE.

(Filed June 1, 1897.)

STOCKBRIDGE, J.—

Since the filing of the opinion in this case on the 24th of April, an application has been made on behalf of certain of the defendants for a rehearing, and the Court has been favored in support of that motion with a strong and learned brief on the part of counsel presenting the motion.

A number of ground are assigned in support of the application. The one of *lis pendens* is one which was fully and elaborately presented at the time of the original argument and the brief filed presents nothing in addition to what was already before the Court and considered at the time of filing the original opinion, and so far as this is concerned my views remain the same as before expressed.

656

It is further insisted that the present bill should be dismissed, because of the alleged failure to comply with the rule of Court and file with the bill the written authority of the next friend of the infant plaintiff. The bill is signed by the plaintiff herself and by "C. Cooper Clark, father and next friend." This, it is true, is not a strict compliance with the rule, and if before answers filed and proof taken, the point had been presented, the Court would have required a strict compliance with the rule. But answers were filed, the necessary guardians ad litem appointed, their answers filed, proof taken and the cause proceeded to hearing, and by their every act the defendants waived any advantage that might have accrued to them by reason of the non-compliance with the rule, and cannot now be heard to invoke it.

But the important point of the present motion, important because not argued by the defendants at the original hearing, although requested so to be by the Court, is that which relates to the question of what is a partition, and can it or not be gratified by a valuation of an entire estate, and the setting aside to one person of his or her aliquot share, based on such valuation, retaining the balance of the estate intact for all of the other tenants in common, adults and infants. It is urged that the language of the Court of Appeals in the case of Dugan vs. The Mayor and City Council of Baltimore, followed in the opinion of this Court, has no application to a case like the present. It is true that the facts of the two cases are not identical, but the principles there laid down were general and just as applicable to this case as to that. The Court did not in that case lay down any new doctrine in this State, but only gave a fuller expression to the principle previously applied in the case of Brendel vs. Klopp, 69 Md. 1. Nor does an examination of the cases cited in support of the present motion alter my view.

The case of Abbott vs. Berry, 46 N. H. 369, was the construction of a statute which in terms, provided for the setting off of the aliquot share of an individual tenant in common, making the application, an entirely dissimilar provision from anything upon our statute books. In the other cases cited, the complaint alleged the susceptibility of partition of the property, while here the allegation is that the property is insusceptible of partition; in those cases there appears to to have been the unanimous consent of all parties to the proceeding, agreeing to the excision of one share, while here the plaintiff rests upon her express statutory rights, and demands a sale of the whole estate as the means of determining the quantum of her share; the authorities adduced seem to relate to proceedings where all the parties were of age, competent to enter into such agreement as they saw fit, regarding their common property, while in this case there are a large number of infants who may be seriously affected, and with no power to agree, nor is their any one legally competent on their behalf to assent to any allotment of an aliquot share, or the joinder in one of a number of other shares. This case does not therefore seem to come within the line of the reasoning in the cases cited, and the Court has no option but to carry out the law, as it has been declared to be in this State, and refuse the motion and decree the sale of the entire property. Inasmuch, however, as no sale can be validly made till all persons in esse and in any manner interested in the property shall be parties to the cause, and as the Court understands that there are one or two infants interested who have not yet been made parties, the decree will not be signed until all proper additional parties shall have been brought in.