MAE ELIZABETH HEINTZ AND LOUIS D. HEINTZ v.
E. MILDRED WILHELM AND OTHERS.
EMMA C. WILHELM AND OTHERS, RESPONDENTS.[1]

January 20, 1922.

No. 22,572.

Cotenants in remainder may compel partition.

1. Under our statute a cotenant in the remainder may compel partition, although the life tenant is in possession of the property.

[1]Reported in 186 N. W. 305.

**Partition subject to an estate in severalty.**

2. Where there is an estate in severalty for life or years in the property to be partitioned, the partition, whether in kind or by sale, should be made subject to such estate, unless it be clearly shown that a due regard for the interest of all parties requires that the precedent estate be included therein.

**Sale in partition subject to widow's life estate proper.**

3. The conclusion of the trial court that the sale in partition of the farm here in question should be made subject to the widow's life estate in the homestead is justified by the record.

Action in the district court for Houston county for partition of a farm. The case was tried before Catherwood, J., who made findings and ordered that the life estate of Emma C. Wilhelm in the 80-acre tract be set off to her; that the 102-acre tract be sold subject to her life estate and after the payment of taxable disbursements be distributed among the parties in proportion to their respective interests in the lands sold. From an order denying their motion for a new trial and amended findings, plaintiffs appealed. Affirmed.

*Duxbury & Duxbury*, for appellants.

*William E. Flynn* and *Hopp & Larson*, for respondents.

TAYLOR, C.

Eugene Wilhelm died intestate in November, 1909, seized and possessed of a farm of 102 acres in Houston county on which he and his family had resided for many years. He left a widow, Emma C. Wilhelm, and four children, Leroy Eugene, Mae Elizabeth, E. Mildred and Fern Catherine, aged respectively 14 years, 13 years, 2 years and 11 months. Under the laws of descent, the widow, Emma C. Wilhelm, took the homestead of 80 acres for and during the term of her natural life, and an undivided 1/3 of the other 22 acres in fee, and each of the four children took an undivided 1/4 of the homestead subject to the life estate of their mother and an undivided 1/6 of the other 22 acres. The widow continued to reside upon and operate the farm until 1916, when she removed to the village of Caledonia with the two younger children. The next year she rented the farm to the only son, Leroy, who is still occupying it under his

lease. The oldest daughter, Mae Elizabeth, married Louis D. Heintz in 1915 and brought this action for partition of the farm in 1919.

That it is not feasible to divide the farm between the several owners according to their respective interests therein, and that in order to make a partition it is necessary to sell the farm and divide the proceeds, is alleged in the complaint and found as a fact by the court and is not questioned on this appeal. The court directed that the farm be sold subject to the life estate of the widow in the 80 acres which constituted the homestead of the family at the death of the father. Plaintiffs made a motion to amend the findings so as to include the life estate of the widow in the sale, and also made a motion for a new trial. Both motions were denied and plaintiffs appeal.

Plaintiffs contend that the farm cannot be sold to advantage subject to the life estate in the homestead, and that the finding that "a true regard for the interests of the parties requires that the life interest and estate of * * * Emma C. Wilhelm be set off to her and that the sale of the lands be made subject to said life estate" is not justified by the evidence.

At common law a cotenant could not compel a partition of the land, unless he was entitled to the present possession of it as a cotenant, and hence he could not enforce a partition where his estate was subject to a life estate, as the life tenant was entitled to possession. Our statute has changed this rule, but where there is a life estate in the whole of the property and a partition is made at the instance of the owner of an undivided interest in the remainder, it must be made subject to such life estate. G. S. 1913, §§ 8028, 8035. If, in making a partition, a part of the land is divided and a part of it ordered to be sold, and there is an estate for life or for years in an undivided interest in the land, the whole of such estate may be set off in the part of the land not ordered sold. G. S. 1913, § 8051.

If, in making a partition, the land is to be sold and the proceeds divided, and there is an estate for life or for years in the whole or any part of it, the sale may be made subject to such estate, "but if, in the judgment of the court, a due regard for the interest of all

parties requires that such estate be sold, the sale may be so ordered."
G. S. 1913, § 8052.

The law intends that the rights of the owner of a precedent estate
shall not be infringed or interfered with, unless the situation is such
as to render it necessary in the interest of all the parties, and that,
if practicable, the partition, whether by a division of the land or
by a sale of it and a division of the proceeds, shall be made subject
to such precedent estate. It is only when a due regard for the inter-
est of all parties requires it that the precedent estate may be sold.
The law gave the homestead here in question to the widow for life,
and only strong and convincing reasons will justify taking it from
her against her protest in a partition proceeding to which she is
an unwilling party.

Plaintiffs urge, as reasons for including the life estate in the sale,
that the homestead includes all the buildings and nearly all the im-
proved land; that it is so located that the land not included therein
is divided into two separate tracts, one of 12 acres adjoining the
homestead on the north; and the other of 10 acres adjoining the
homestead on the west; that the location, size and character of these
tracts are such that they cannot be sold to advantage apart from the
homestead; that selling the farm subject to the life estate will give
the widow an advantage, for, if she buys, she can make immediate
use of all the land, but if another buys, he can make immediate
use of only the two tracts lying outside the homestead; that the
only persons who would be likely to bid the full value of the prop-
erty at a sale are those who desire it for immediate use, and that
such persons would not bid at a sale made subject to the life estate.

There is some force to this argument, but much of it could be
urged with equal force against any public sale made subject to a
precedent estate. It is the fact of cotenancy which gives the right
to a partition, G. S. 1913, § 8028; 30 Cyc. 178, and ordinarily the
right is limited to a partition of the estate or interests held in
cotenancy. Plaintiffs are not cotenants in the life estate. The
widow is entitled to the exclusive occupancy and use of the home-
stead in severalty as long as she lives. Plaintiffs' rights are sub-
ject to this right of the widow, and they are not entitled to have

the homestead sold for immediate use by the purchaser. That it might be of advantage to them to have the life estate sold with the remainder, is not a sufficient reason for dispossessing the widow of her estate in severalty against her will. Although involving dissimilar statutes and therefore not directly in point, the following cases illustrate the reluctance of courts to disturb estates in severalty when making partition of estates held in cotenancy. Alexander v. Alexander, 26 Neb. 68, 41 N. W. 1065; Jameson v. Hayward, 106 Cal. 682, 39 Pac. 1078, 46 Am. St. 268; White v. White, 16 Grat. (Va.) 264, 80 Am. Dec. 706; Clark v. Richardson, 32 Iowa, 399; White v. Lefoldt, 78 Miss. 173, 28 South. 818; Parks v. Siler, 76 N. C. 191; Brendel v. Klopp, 69 Md. 1, 13 Atl. 589. And see 30 Cyc. 180.

Estates for life or years in severalty may be included in the sale under our statutes when a due regard for the interest of all parties requires it. G. S. 1913, § 8052. And see Cook v. Webb, 19 Minn. 129 (167); Smalley v. Isaacson, 40 Minn. 450, 42 N. W. 352; Hanson v. Ingwaldson, 77 Minn. 533, 80 N. W. 702, 77 Am. St. 692; Hunt v. Meeker County A. & L. Co. 128 Minn. 207, 150 N. W. 798, Ann. Cas. 1916D, 925.

But the rule confining a partition, whether in kind or by sale, to the estates held in cotenancy, is changed only to the extent specified in the statute, and, to warrant including in the sale a precedent estate for life or for years, it must be shown that the situation is such that the interest of all parties will be conserved thereby. Ordinarily this question is for the trial court to determine as a question of fact. Here that court has found:

"That a true regard for the interests of the parties requires that the life interest and estate of said widow, Emma C. Wilhelm, be set off to her; and that the sale of the whole 102 acre tract be made, subject to said life estate, which life estate should be undisturbed and remain in the full ownership and possession of the said Emma C. Wilhelm."

We find no sufficient reason for disturbing this finding and concur in the conclusion reached by the learned trial court.

Order affirmed.