# ANNA REKOVSKY v. MARTHA GLISCZINSKI AND ANOTHER.[1]

February 25, 1927.

No. 25,415.

**Life tenant cannot maintain action in partition against remainderman.**

The sole owner of a life estate cannot maintain an action in partition against the owner of the remainder. Such actions can be maintained only where the plaintiff is a cotenant with others.

Partition, 30 Cyc. p. 179 n. 11, 12; p. 199 n. 48.

Plaintiff appealed from an order of the district court for Le Sueur county, Tifft, J., sustaining a demurrer to her complaint. Affirmed.

*Charles C. Kolars,* for appellant.

*F. C. & H. A. Irwin,* for respondents.

TAYLOR, C.

Plaintiff brought this action under the statute authorizing the partition of real property held in cotenancy and appeals from an order sustaining a demurrer to her complaint.

It appears from the complaint that plaintiff and defendant Martha Glisczinski are respectively the widow and daughter of Joseph Rekovsky, deceased; that they are his only heirs; that he died intestate seized of a tract of land in LeSueur county containing slightly less than 80 acres; that this land was his homestead; and that the probate court by its final decree has assigned the land to plaintiff for and during the term of her natural life, and has assigned the remainder in fee to defendant Martha subject to the life estate of plaintiff. Plaintiff alleges that the land is so situated that it cannot be partitioned without prejudice to the owners, and asks that it be sold and that she be awarded the present value of her life estate in the proceeds thereof.

[1]Reported in 212 N. W. 595.

It is the universal rule that an action for partition can be maintained only by a cotenant. See the numerous cases cited in 21 Am. & Eng. Enc. (2d ed.) 1146 and in 30 Cyc. 179. Only a cotenant is authorized to bring such an action under our statute. G. S. 1923, § 9524. The holder of a life estate in the entire property cannot maintain such an action against the remainderman for they are not cotenants. Smith v. Runnels, 97 Iowa, 55, 65 N. W. 1002; Love v. Blauw, 61 Kan. 496, 59 Pac. 1059, 48 L. R. A. 257, 78 Am. St. 334; Seiders v. Giles, 141 Pa. St. 93, 21 Atl. 514. In the cases cited a widow holding a life estate brought an action against the remainderman much like the present action and the courts held it could not be maintained.

Plaintiff is the sole owner of the life estate. Defendant Martha is the sole owner of the remainder in fee. They are not cotenants. Neither can maintain an action for partition, for plaintiff has no interest in the remainder and defendant Martha has no interest in the life estate. There may be cases in which a life estate held by a sole owner may be sold in a partition proceeding where the remainder is held in cotenancy and the action is brought by one of such cotenants (See Heintz v. Wilhelm, 151 Minn. 195, 186 N. W. 305), but the present case does not come within any such rule.

Order affirmed.