## ANNA REKOVSKY v. MARTHA GLISCZINSKI AND ANOTHER.[1]

November 23, 1928.

No. 26,863.

**When life tenant cannot maintain suit in equity against remainderman for sale of homestead.**

Equity will not take jurisdiction at the instance of a life tenant, who needs money, against the remainderman to aid the applicant by a sale of the property merely because the property, being a homestead, becomes unsuitable for occupancy, and, if sold, the proceeds, reinvested, would produce a larger net income.

Plaintiff appealed from an order of the district court for Le Sueur county, Tifft, J. sustaining a demurrer to her complaint. Affirmed.

*Charles C. Kolars,* for appellant.

*F. C. & H. A. Irwin,* for respondents.

WILSON, C. J.

Plaintiff appealed from an order sustaining a demurrer to the complaint as not stating a cause of action.

[1]Reported in 221 N. W. 906.

The plaintiff, owning a life estate in an 80-acre farm described in the complaint, sued her daughter (and husband), herein mentioned as the defendant, who owns the fee. The mother and daughter inherited the land from the husband and father, who owned it as a homestead. Plaintiff alleges that the dwelling house on the homestead is out of repair and is no longer habitable and hence the annual rental value of the premises has been reduced to $300 with an average annual tax of $112.50; that the reasonable value of the premises is $10,000 and if sold the proceeds would produce an annual income of $500 which would support plaintiff, while the present income will not. Plaintiff asks that the homestead be sold by a referee appointed by the court and that a trustee be appointed to receive and invest the net proceeds and that the income be paid to plaintiff during her natural life. Since the case was here in 170 Minn. 303, 212 N. W. 595, the complaint has been amended. Plaintiff does not now prosecute the action as one in partition, but attempts to rest her complaint upon the principles of equity.

Plaintiff's life estate in the homestead is a distinct estate. She may sell and convey it. The defendant owns a separate estate therein, towit, the fee subject to the life estate therein. It is the legal right of defendant to own this estate and do with it as she chooses. Equity follows the law in relation to their respective legal rights. Equity has no power to help the plaintiff at the expense of defendant's legal rights.

Defendant has not invaded plaintiff's legal rights and is offering no obstruction to plaintiff's free use or disposition thereof. It is said that for every wrong there is a remedy. Perhaps so. But here there is no wrong. Plaintiff is not suffering any injurious interruption to her rights because of the conduct of defendant, who is merely standing upon her legal rights which equity must respect. Plaintiff's unfortunate situation is not attributable to defendant but is due to fate. In truth plaintiff does not have a right. Her situation in no way invokes equitable intervention. It has been held that equity may take jurisdiction to protect an unproductive life estate and remainder of great value which is mortgaged and is

liable to be lost through the inability of the life tenant to pay taxes. Gavin v. Curtin, 171 Ill. 640, 49 N. E. 523, 40 L. R. A. 776. Such is not the instant case. Defendant's rights are an obstruction to our saying that the exigencies of the situation require action on the part of the courts upon the theory of practical necessity, as in Coquillard v. Coquillard, 62 Ind. App. 489, 113 N. E. 481. Not being able to maintain an action in partition for the reason stated in the previous opinion in this case, plaintiff cannot compel defendant to sell. To do so would deprive her of a legal right. Plaintiff's difficulties rest upon the character and nature of her own holdings. The facts pleaded do not invoke equitable jurisdiction.

Affirmed.