In re ESTATE OF Gary G. ABLAN, Sr., a/k/a Gary George Ablan, Sr., Deceased.

No. C1–98–1659.

Court of Appeals of Minnesota.

April 20, 1999.

Thomas R. Johnston, Julia L. Rau, Dorsey & Whitney LLP, Minneapolis, for appellant.

James D. Kempf, Bloomington, for respondents.

Considered and decided by KALITOWSKI, Presiding Judge, KLAPHAKE, Judge, and AMUNDSON, Judge.

## OPINION

KALITOWSKI, Judge

Appellant Susan Ablan, surviving wife of Gary G. Ablan, contends the district court erred in determining: (1) she has only a life estate in the homestead she shared with decedent; and (2) she may not compel the remainder beneficiaries to sell their remaining interest to her.

## FACTS

Gary G. Ablan, Sr., died intestate January 21, 1996. He was survived by his wife, appellant Susan A. Ablan, and four adult children from a previous marriage: Nancy Scholz, Tammery Leonard, Gary G. Ablan, Jr., and Amy Abram (respondents). Appellant was appointed personal representative of the estate. The assets of the estate on hand for distribution included decedent's homestead valued at $62,000 and personal property, cash and securities valued at approximately $6,800. At issue in this appeal is the disposition of the homestead.

The district court determined: (1) pursuant to Minn.Stat. § 524.2–402 appellant was entitled to a life estate in the homestead with the remainder interest in the homestead going to respondents; and (2) appellant could not compel respondents to sell to her their remainder interest in the homestead.

## ISSUES

1. Is appellant entitled to a fee interest in the homestead as part of her spousal share of the estate?

2. If appellant is entitled to only a life estate in the homestead, can she compel the remainder beneficiaries to sell their remainder interest?

## ANALYSIS

A reviewing court is not bound by and need not give deference to a trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). The construction of a statute is clearly a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985).

### I.

Minn.Stat. § 524.2–402(a)(2) (1998) provides that if there are surviving descendants of the decedent, the homestead descends "to the spouse for the term of the spouse's natural life and the remainder in equal shares to the decedent's descendants by representation." Appellant contends the district court erred by applying this statute and concluding appellant is entitled to only a life estate in the homestead. Instead, appellant argues Minn.Stat. § 524.2–102 allows her to elect to take a fee interest in the homestead of the decedent as part of her spousal share. We disagree.

When a statute is free from ambiguity, we look only at its plain language. Minn.Stat. § 645.16 (1998). "Plain and unambiguous statutory language manifests legislative intent." *Klein Bancorporation, Inc., v. Commissioner of Revenue,* 581 N.W.2d 863, 866 (Minn.App.1998). If a statute is ambiguous, the court, in interpreting the statute, must determine and give effect to the intent of the legislature. Minn.Stat. § 645.16. In construing a statute, we look to the statute as a whole and give effect to all of its provisions. *Kalberg v. Park & Recreation*

*Bd. of Minneapolis,* 563 N.W.2d 275, 278 (Minn.App.1997). The court will not construe a statute to lead to injustice or an absurd result if the language will reasonably permit another construction. Minn.Stat. § 645.17(1) (1998).

Under Minnesota Law, the intestate share of a decedent's surviving spouse is

> the first $150,000, plus one-half of any balance of the intestate estate, if all of the decedent's surviving descendants are also descendants of the surviving spouse and the surviving spouse has one or more surviving descendants who are not descendants of the decedent, or if one or more of the decedent's surviving descendants are not descendants of the surviving spouse.

Minn.Stat. § 524.2–102(2) (1998). Because the estate at issue, including the homestead, is worth less than $150,000, appellant contends she is entitled to elect to take a fee interest in the homestead under this section. We disagree.

Under the common law, title to homestead property rests in the heirs absolutely upon the death of the decedent and is not an estate asset for the purpose of administration. *In re Application of Lee,* 171 Minn. 182, 185, 213 N.W. 736, 737 (1927); *Wilson v. Proctor,* 28 Minn. 13, 16, 8 N.W. 830, 832 (1881). *See also In Re Estate of Van Den Boom,* 590 N.W.2d 350, 353 (Minn.App. 1999) (stating Minnesota common law indicates a decedent's homestead is not considered part of the estate for purposes of administration). Appellant acknowledges the common law rule but argues it was abrogated by the legislature's 1986 enactment of the predecessor to Minn.Stat. § 524.2–402(d) (1998),[1] which states:

> (d) For purposes of this section, * * * the surviving spouse is deemed to consent to any testamentary or other disposition of the homestead to which the spouse has not previously consented in writing unless the spouse files * * * a petition that asserts the homestead rights provided to the spouse by this section.

---

1. The homestead statute was originally codified at Minn.Stat. § 525.145. While the statute has been subsequently recodified and modified, the language at issue in this litigation is the same.

Appellant contends that inclusion of the homestead in the spousal share is an "other disposition" under section 524.2–402(d) and that a spouse who does not want the homestead to be part of the spousal share provision may exercise homestead rights by filing a petition with the court pursuant to Minn. Stat. § 524.2–402(d). Appellant further argues that because she did not file such a petition the homestead here is part of her spousal share under Minn.Stat. § 524.2–102(2).

We disagree with appellant's interpretation. First, Minn.Stat. § 524.2–102(2), in detailing the spousal share, makes no reference to the homestead. "Ordinarily, statutes are presumed not to alter or modify the common law unless they expressly so provide * * *." *Agassiz & Odessa Mut. Fire Ins. Co. v. Magnusson*, 272 Minn. 156, 166, 136 N.W.2d 861, 868 (1965). If the legislature had intended to change the long-standing common law rule that the homestead is not an asset of the estate, it presumably would have done so with specificity when it enacted section 524.2–102(2).

Second, as the district court noted, the legislature "had before it Minn.Stat. § 524.2–402 [or its predecessor, Minn.Stat. § 525.145] when it enacted the increase in distribution to the surviving spouse [under section 524.2–102(2) ]," but did not specify any change with regard to treatment of the homestead. Further, the legislature reenacted section 524.2–402 in both 1994 and in 1997, subsequent to the adoption of Minn.Stat. § 524.2–102, without any reference to section 524.2–102. We conclude the legislature did not intend that the common law or the homestead provision be affected by enactment of amendments to the spousal share provision.

Finally, appellant's argument that inclusion of the homestead in the spousal share is an "other disposition" of the homestead to which the surviving spouse is "deemed to consent" absent a petition, is a strained reading of the plain language of Minn.Stat. § 524.2–402(d). Because neither the text of the statute nor the legislative history supports appellant's interpretation, we conclude the district court correctly determined that disposition of the homestead is controlled by Minn.Stat. § 524.402(a)(2), and appellant is entitled to only a life estate in the homestead.

## II.

As an alternative to her argument seeking a fee interest in the homestead, appellant petitioned the district court to order the remainder beneficiaries to sell the remainder interest in the homestead to her for its actuarial fair market value. Appellant supports this petition by citing Minn.Stat. § 501B.47, which states in relevant part:

> Notwithstanding a contrary provision in the instrument creating the interests, when the ownership of real property situated in this state is divided into one or more possessory interests and one or more future interests, the owner of an interest may petition the district court for the county in which any of the real property is situated for an order directing that the real property or part of the real property be sold, mortgaged, or leased. * * *

Minn.Stat. § 501B.47 (1998). Appellant notes that upon the filing of a petition under this section, the court must conduct a hearing on the matter and issue an appropriate order. Minn.Stat. §§ 501B.49, 501B.51 (1998). We conclude appellant's argument that she can compel the sale of the remainder interests under this statute is misplaced.

Minn.Stat. § 501B.47 is part of a chapter dealing with trusts, thus indicating the provisions in the chapter relate to real property held in trust. Further, Minn.Stat. § 501B.47 begins with the phrase, "Notwithstanding a contrary provision *in the instrument creating the interests*" (emphasis added). The plain language of the statute indicates this provision applies only when the property interests at issue are *created* in some instrument. Here, because decedent died intestate, no trust or other instrument created the property rights at issue. As discussed above, the fee estate automatically vested in respondents subject to the life estate of appellant.

Further, a statute in the chapter dealing with the partition of real estate describes the types of property owners who may bring a

partition action or an action for a sale of property. *See* Minn.Stat. § 558.01 (1998). This statute is not limited to property interests created in a will or trust. *Id.* Thus, we conclude that any partition action by appellant must be brought under Minn.Stat. § 558.01. As the district court correctly determined, appellant's partition action under this statute fails. Under the predecessor to Minn.Stat. § 558.01, the supreme court held that a life tenant could not maintain a partition action against the remainder beneficiary because a life tenant is not a cotenant, and therefore is not authorized by statute to bring such an action. *Rekovsky v. Glisczinski*, 170 Minn. 303, 304, 212 N.W. 595, 595 (1927). *See* Minn. Gen.Stat. § 9524 (1923). We conclude the holding in *Rekovsky* applies, and appellant may not compel a partition or a sale.

## DECISION

The district court correctly determined that appellant is: (1) entitled to only a life estate in the homestead of decedent; and (2) not entitled to compel a sale of the remainder rights in the homestead.

**Affirmed.**