**Todd E. DEAL, as Guardian Ad Litem for Wayne Howard Crow, Appellant,**

v.

**NORTHWOOD CHILDREN'S HOME SOCIETY, INC., et al., Respondents.**

No. C5–99–1691.

Court of Appeals of Minnesota.

April 18, 2000.

Review Denied June 13, 2000.

Patrick M. Spott, Nancy C. von Seggern, Orman & Nord Law Office, Duluth, MN (for appellant).

W.D. Flaskamp, Minneapolis, MN (for respondents).

Considered and decided by WILLIS, Presiding Judge, RANDALL, Judge, and HUSPENI, Judge.

## OPINION

DORIS O. HUSPENI,* Judge.

The trustee for appellant Wayne Howard Crow challenges the district court's judgment dismissing appellant's personal injury action subject to respondents' payment of special damages following appellant's death from unrelated causes. Because the district court correctly determined that punitive damages are not recoverable in a personal injury action when the plaintiff dies from a cause unrelated to those injuries, we affirm.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

## FACTS

This case arises out of an incident on January 8, 1995, near Gooseberry Falls State Park in which an ill-conceived practical joke went tragically awry. Appellant Wayne Crow, a minor, was on an outing to the park with ten other children, all residents of respondent Northwood Children's Home Society, Inc. (Northwood). Respondents Lance Seboe and Sheri Bailey, both employees of Northwood, supervised the outing. Seboe drove the van that carried the children to the park. It was a cold day, with the actual temperature reaching a high of only nine degrees and the wind chill measuring 30 degrees below zero. Most of the children were not dressed for extended outdoor exposure.

While en route to the park, Seboe stopped the van to allow some of the children to get out and stretch. As a "little joke," Seboe told the children to walk the last half-mile to the upper falls while he and Bailey drove over to meet them there. He drove down the road a short distance, expecting that the children would chase after the van. Instead, they dashed off into the wilderness and disappeared. Unbeknownst to the children, the upper falls were actually five miles away.

Seboe and Bailey did not seek outside help in searching for the children for over two hours. When Bailey finally notified their supervisor that the children were lost, the supervisor initially told her not to contact law enforcement or rescue services. Five hours elapsed before appellant was finally rescued. He suffered hypothermia and frostbite as a result of the ordeal. The parties have stipulated that his medical bills totaled $800.

On October 28, 1996, appellant's guardian ad litem brought an action on appellant's behalf, seeking recovery against Northwood for negligence, negligent hiring, and negligent and intentional infliction of emotional distress. The district court subsequently granted the guardian ad litem's motion to amend the complaint to add a claim for punitive damages. On August 15, 1999, appellant died in an automobile accident as a result of injuries unrelated to those giving rise to this lawsuit. Respondents moved to dismiss the complaint subject to payment of special damages, pursuant to Minn.Stat. §§ 573.01, .02, subd. 2 (1998). The court granted the motion and this appeal followed.

## ISSUE

Did the district court err in concluding that under Minn.Stat. §§ 573.01, .02, subd. 2 (1998), appellant's claim for punitive damages in his personal injury action did not survive his death from unrelated causes?

## ANALYSIS

██ Statutory construction is a question of law, which this court reviews de novo. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn.1990). The primary purpose of statutory interpretation is to ascertain and effectuate the legislature's intent. Minn.Stat. § 645.16 (1998). Where the legislature's intentions are clearly discernible from plain and unambiguous language, no construction is necessary or permitted. *Ed Herman & Sons v. Russell*, 535 N.W.2d 803, 806 (Minn.1995). If a statute is ambiguous, the court must determine and give effect to the intent of the legislature. *In re Estate of Ablan*, 591 N.W.2d 725, 727 (Minn.App.1999). The court should not construe the statute to lead to injustice or an absurd result if the language will reasonably permit another construction. *Id.* (citing Minn.Stat. § 645.17(1) (1998)).

██ Under Minnesota law, a claim for personal injuries dies with the plaintiff, subject only to specifically defined exceptions. The relevant statute provides:

> A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided in section 573.02.

Minn.Stat. § 573.01 (1998). Minn.Stat. § 573.02 (1998), which bears the title "Ac-

tion for Death by Wrongful Act; Survival of Actions," provides a broad exception for the survival of wrongful death actions as well as a limited exception for pre-existing personal injury actions unrelated to the cause of death. With respect to wrongful death actions, the statute provides:

> *When death is caused by the wrongful act or omission* of any person or corporation, the trustee * * * may maintain an action therefor if the decedent might have maintained an action, had the decedent lived[.] * * * The recovery in the action is the amount the jury deems fair and just in reference to the pecuniary loss resulting from the death, and shall be for the exclusive benefit for the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death. * * * *Punitive damages may be awarded as provided in section 549.20.*

> If an action for the injury is commenced by the decedent and not finally determined while living, it may be continued by the trustee for recovery of damages for the exclusive benefit of the surviving spouse and next of kin * * *. The court on motion shall make an order allowing the continuance and directing pleadings to be made and issues framed *as in actions begun under this section.*

Minn.Stat. § 573.02, subd. 1 (emphasis added). Two separate scenarios are set forth in this subdivision. The first paragraph addresses the case of a decedent who dies before instituting an action for the injuries that led to death; the second paragraph addresses the case of a decedent who dies after having already begun a personal injury action. In the latter instance, the action converts to a wrongful death action for the benefit of the surviving spouse and kin.

The more limited exception for the survival of personal injury actions is found in subdivision 2 of Minn.Stat. § 573.02, which reads:

> When an injury is caused to a person by the wrongful act or omission of any person or corporation and the person thereafter dies from a cause unrelated to those injuries, the trustee * * * may maintain an action for special damages arising out of such injury if the decedent might have maintained an action therefor had the decedent lived.

Subdivision 2 addresses the situation present in this case. This provision has remained substantially the same since its initial enactment in 1967. *Compare* Minn. Stat. § 573.02, subd. 2 (1967), *with* Minn. Stat. § 573.02, subd. 2 (1998).

▪ In the absence of ambiguity, the court must apply the plain language of the statute. Minn.Stat. § 645.16. Under the statutory scheme set forth in Minn.Stat. §§ 573.01 and 573.02, the legislature began by abating all types of personal injury actions by deceased plaintiffs (section 573.01) and then allowing specific exceptions to that abatement (section 573.02). For a plaintiff whose death is unrelated to his cause of action (the circumstance addressed in Minn.Stat. § 573.02, subd. 2), the legislature specifically limited recovery to special damages.[1] In contrast to Minn. Stat. § 573.02, subd. 1, there is no mention of punitive damages in subdivision 2.

Appellant would have this court strain to find some ambiguity in Minn.Stat. § 573.02, subd. 1, that would permit a statutory construction to include punitive damages in both subdivisions 1 and 2. He notes that the legislature inserted the punitive damages provision at the end of the first paragraph of Minn.Stat. § 573.02, subd. 1 (which permits a trustee to commence a wrongful death action), but not at the end of the second paragraph of subdivision 1 (which permits a trustee to convert decedent's personal injury action to a wrongful death action). According to ap-

---

1. "Special damages" are those damages to which an exact dollar amount can be assigned, such as medical expenses or lost wages to date of death. *Beaudry v. State Farm Mut. Auto. Ins. Co.,* 518 N.W.2d 11, 12 n. 1 (Minn.1994).

pellant, under a plain reading of this subdivision, punitive damages can be had in a wrongful death action only if the trustee starts the action after decedent's death; a result appellant characterizes as absurd. Therefore, argues appellant, this absurdity renders the entire statute ambiguous, and as a result of the ambiguity, the statute is subject to the statutory construction he urges upon us.

Appellant's argument regarding ambiguity in Minn.Stat. § 573.02, subd. 1, is flawed. We find none. The second paragraph of subdivision 1 provides that in a wrongful death action, if the decedent dies after commencement of a personal injury action, the court "shall make an order allowing the continuance and directing pleadings to be made and issues framed *as in actions begun under this section.*" Minn.Stat. § 573.02, subd. 1 (emphasis added). The statutory mandate is clear. Upon death from the wrongful acts of another, the existing personal injury action converts to a wrongful death action and is treated as an action begun under the wrongful death statute. *Id.* Punitive damages may be sought both in those actions commenced by the trustee after the death of the decedent, and in those actions commenced by the decedent before death. Because we conclude that appellant has failed to identify any real ambiguity in the statute, the district court properly applied the plain language of the statutes in question in dismissing appellant's complaint, subject to payment of special damages.

In what is essentially a policy argument, appellant urges that because punitive damages exist to punish and deter wrongful conduct, they should be available under both subdivisions of Minn.Stat. § 573.02 because that purpose survives a plaintiff's death. In support of this argument, appellant cites *Eisert v. Greenberg Roofing & Sheet Metal Co.,* 314 N.W.2d 226 (Minn. 1982), in which the supreme court reluctantly held that punitive damages were unavailable under the version of the wrongful death statute then in existence.

The court noted the inequity of permitting a tortfeasor to escape liability for punitive damages when he causes death, but not when he only injures. *Id.* at 228. The court concluded that despite the apparent inequity of the result it was required to reach, "any change in the recovery for wrongful death that is not permitted by fair interpretation of the statute is for the legislature to make." *Id.*

We believe that the action of the legislature in the year after the decision in *Eisert* bolsters our decision here. In 1983, the legislature amended Minn.Stat. § 573.02, subd. 1, to add the final sentence in the first paragraph, which specifically allows for an award of punitive damages in a wrongful death action. 1983 Minn. Laws ch. 347, § 2. Although the legislature could have quite easily amended the language of subdivision 2 to add a punitive damages provision similar to that added to subdivision 1, it did not do so. We are prohibited from adding that which the legislature did not. *Ullom v. Independent Sch. Dist. No. 112,* 515 N.W.2d 615, 617 (Minn.App.1994).

Finally, appellant argues that the same inequity that troubled the court in *Eisert* exists in this case because respondents grievously wronged appellant but will escape liability for punitive damages because of his death. The moral persuasiveness of appellant's position notwithstanding, however, it does not follow that because the legislature elected to allow punitive damages in one type of action, it must have intended to allow claims for punitive damages to survive in every personal injury action. The supreme court's refusal to rewrite the plain language of the wrongful-death statute in *Eisert* illustrates that equitable considerations cannot justify ignoring plain statutory language. That court has recognized that the legislature faces competing interests in punishing and deterring misconduct while ensuring that punitive damages do not become "a loose cannon on the legal deck." *Jacobs v. Farmland Mut. Ins. Co.,* 377 N.W.2d 441, 445 (Minn.1985); *see also Father A v.*

*Moran,* 469 N.W.2d 503, 507 (Minn.App. 1991) (holding parents cannot recover punitive damages based on injury to child). Ultimately, in this case as in *Eisert,* appellant must look to the legislature to balance the competing interests involved in the question of when and in which cases punitive damage awards may be sought.

### DECISION

Appellant's claim for punitive damages in his personal injury action did not survive his death from unrelated causes, pursuant to Minn.Stat. §§ 573.01, .02, subd. 2. The district court did not err in dismissing appellant's action subject to respondents' payment of stipulated special damages.

**Affirmed.**