## *F. A. W. Davis vs. Allen Pierce et al.

The plaintiff having the legal title to a tract of land on which there were two mortgages, purchased and took an assignment of the first.    The Judge who tried the cause below, found as a matter of fact, that the plaintiff did not, in taking the assignment of said mortgage, intend either that it should be extinguished or merged, or that it should not remain a valid or first lien upon the premises therein described; and also found that it was for the interest of the plaintiff that said mortgage should remain a lien.    *Held*—That the estate or interest thus purchased by the plaintiff did not merge in the legal estate.

This action was commenced in the Ramsey County District Court.    At the trial a jury was waived and the cause tried before the Court.    The facts as found by the Court are substantially as follows :    The defendant, Allen Pierce, sold a large amount of real estate in Ramsey County to the plaintiff, and conveyed the same by two separate deeds, one dated May 22, 1855, and one

---

*Mr. Justice McMillan being of counsel for some of defendants, took no part in the hearing and decision of this cause.

April 30, 1856.  A portion of the lands so sold and conveyed was subject to two mortgages, prior both by date and record to either of said deeds; the first mortgage executed to one Asa Marsh, dated and recorded September 16, 1854; the second to one D. W. Marr, dated and recorded December 22d, 1854.  On the 20th day of May, 1856, the said Marsh mortgage and the debt secured thereby, were purchased by plaintiff and duly assigned and transferred to him, and such assignment was then duly recorded.  On the 3d day of November, 1855, the said Marr mortgage and the debt secured thereby, were duly assigned and transferred to Carlos Wilcox and Daniel R. Barber, and such assignment was then duly recorded.  This action was brought by the plaintiff against said Pierce, Wilcox, Barber and others to foreclose said first or Marsh mortgage.  It is alleged in the answer of Wilcox and Barber, that plaintiff procured the assignment of the Marsh mortgage "for the purpose and with the intent to discharge the lien and incumbrance thereof from his said real estate," and it is claimed therein that his title as assignee of the first mortgage is merged in the legal estate acquired under said deeds.  The reply took issue upon such allegation.  Upon the trial the Court further found as a matter of fact "that in making said purchase and in taking the assignment of the Marsh mortgage and note, it was not the intention of said Davis (plaintiff,) that said mortgage should thereby become extinguished, or merged, or that the same should not remain a valid and subsisting first lien upon the premises therein described; that it was and is for the interest of the said Davis that the said Marsh mortgage should remain a valid and subsisting lien upon the premises therein described and be foreclosed as such."  The Court ordered that the usual judgment and decree of foreclosure be entered.  Judgment was entered pursuant to such order.  The defendants, Wilcox and Barber, appeal from such judgment to this Court.

D. Cooper for Appellants.

Van Etten & Officer for Respondent.

*By the Court*—WILSON, C. J.—The only question in this case is whether in the purchase of the Marsh mortgage by the plaintiff, the estate or interest thus acquired merged in the legal estate.

In equity where the legal and equitable estates become united in the same person the equitable is merged in the legal, unless the party in whom they meet intends to keep them separate, (which intention must be just and injurious to no one,) and where no such intention is expressed it will be presumed if it is for the interest of the party in whom the estates meet. *Wilcox & Barber vs. Davis*, 4 *Minn.*, 197; *Starr vs. Ellis*, 6 *John. Ch.*, 395; *Forbes vs. Moffatt*, 18 *Ves.*, 384; *Cleft vs. White*, 2 *Ker.*, 536; 4 *Kent's Com.*, 102; *James vs. Morey*, 2 *Conn.*, 246. The question here then is one purely of intention declared or presumed. The Judge who tried the cause below has found as a matter of fact that the plaintiff did not in taking the assignment of said mortgage, intend either that it should be extinguished or merged, or that it should not remain a valid or first lien upon the premises therein described, and has also found that it was for the interest of the plaintiff that the mortgage should remain a lien.

To this finding the defendants' counsel objects, (1), that it does not show affirmatively that the plaintiff intended to keep said mortgage lien alive; (2), that it was not competent for the plaintiff to prove or for the Court to find that it was for the plaintiff's interest to keep the estates separate, that fact not having been alleged; (3), that it is not the province of the Court in any case to find as a fact that it is for the plaintiff's *interest*, &c., but that the facts must be found from which this is inferred.

It is true that in this finding it is not affirmatively and positively stated that in taking the assignment plaintiff intended to keep alive the lien; but from the facts found the Court was authorized and bound to presume such intention. *See authorities above cited.*

If there was any error, therefore, in the finding in that respect it was technical and formal merely, and should be disregarded. An averment of the plaintiff's interest in keeping alive the lien, was not necessary in order to justify the reception of evidence of that fact.

The interest of the plaintiff was shown merely as *evidence* of his intentions—it being presumed that he intended to act in accordance with his interest.

With reference to defendants' third objection, even if we should regard the finding of the Court as the finding of a legal conclusion rather than of facts, it would not be a fatal error—as the facts from which this is inferred are all found by the Court.

The evidence, we think, was clearly sufficient to justify the finding.

Judgment below affirmed.

