KATE METCALFE v. A. S. BRANDON ET AL.

1. DEED. *Delivery and acceptance necessary.*
   Delivery of a deed by the grantor and its acceptance by the grantee is essential to vest title in the grantee.

2. SAME. *Presumptions of law arising from recording deed.*
   The placing of a deed on record by the grantor is strong presumptive evidence of delivery, and where the deed confers substantial rights on the grantee, acceptance on his part will be inferred from very slight circumstances, but such presumptions may be overthrown by direct and negative proof.

Appeal from the Circuit Court of Wilkinson County.

Hon. J. B. Chrisman, Judge.

The case is stated in the opinion of the court.

D. C. Bramlett, for the appellant.

It is manifest, from the testimony introduced by defendant, that plaintiff A. S. Brandon acquired no title by the supposed deed from W. W. Semple. The testimony of W. W. Semple is positive, direct, and not contradicted, that there was never an actual or implied delivery of the deed from himself to A. S. Brandon. On this question, the language of our Supreme Court, in 56 Miss. 390, is that: " The final and complete act which makes a deed effectual is delivery. Whilst no specific formalities are necessary, the grantor must consent that the deed shall pass irrevocably from his control, and the grantee must accept it," etc. The grantor here retained possession and control of the deed, and nothing whatever occurred between him and the grantee in relation thereto. The acknowledging and recording a deed is only a presumption of delivery, but like all presumptions must yield to facts when established. See Bullitt et al. v. Taylor et al. 5 Geo. 471.

Nugent & McWillie, on the same side.

In Bullitt, Miller & Co. v. Taylor & Richardson, 34 Miss. 741, the deed had been signed, sealed, acknowledged, and put upon record, yet it was said that was not sufficient to transfer the title unless the grantee accepted it. Until then, it was but a proposition to convey, which might be withdrawn. The presumption of a delivery arising from what has been done by the grantee may be overcome by facts. Vide also Harkreader v. Clayton, 56 Miss. 390, equally strong. In Cocks v. Simmons, 57 Miss. 202, it is said that the test as to whether a deed has been sufficiently delivered is the right of the grantee to have that specific deed put into his actual possession by whomsoever may hold it, and not merely to have a deed made in pursuance of a pre-existing equity. In this case, Mrs. Brandon has neither the right to the specific deed nor the pre-existing equity.

*C. P. Neilson* and *Frank Johnston*, for the appellees.

Actual delivery to the grantee is not required, nor is it essential to the delivery of a deed. If it be signed, sealed, and declared in the presence of witnesses, to be delivered, it is an effectual delivery. *Kane* v. *Mackin*, 9 Smed. & M. 392. On this subject I cite: *Heeter* v. *Glasgow*, 21 Am. Rep. 46; *Bell* v. *Farmers' Bank*, 21 Am. Rep. 205; *Cecil* v. *Beever*, 4 Am. Rep. 174. Acceptance is equivelent to delivery. *Kingsbury* v. *Burnside*, 11 Am. Rep. 67.

CHALMERS, J., delivered the opinion of the court.

Robert Semple conveyed to his son, W. W. Semple, a half interest in Desart plantation, in Wilkinson County, by deed absolute upon its face, but under a parol trust that the grantee should hold for the benefit of the grantor's daughter, Mrs. Kate Metcalfe, who was in possession of the plantation at the time, but to whom it was not thought advisable to convey directly, because of the fact that she was in debt.

Subsequently the grantee, W. W. Semple, likewise became involved in debt, and under the advice of the father, and in order to preserve the property for Mrs. Metcalfe, put upon record a deed conveying it to Mrs. Brandon.

The latter repudiating or denying the trust, Mrs. Metcalfe, by bill in chancery, sought to enforce it and compel a conveyance of the legal title to herself. The case came to this court and her bill was dismissed, because to sustain it would be a violation of the Statute of Frauds. *Metcalfe* v. *Brandon*, 58 Miss. 841.

After the dismissal by us of Mrs. Metcalfe's bill this action of ejectment was brought against her by Mrs. Brandon for the recovery of possession of the plantation, the legal title to which was apparently in her by virtue of the deed put upon record by W. W. Semple. The first trial in the court below resulted in a verdict for defendant, Mrs. Metcalfe, but this was set aside by the court and a new trial had, which resulted in a verdict and judgment for plaintiff. Mrs. Metcalfe appeals, and the

first error assigned is the action of the court below in setting aside the verdict in her favor upon the first trial.

We think this assignment is well taken. The principal question submitted to the jury was whether there had been a delivery to and acceptance by Mrs. Brandon of the deed put upon record by W. W. Semple. Of course, if there had not been, no title had passed to Mrs. Brandon. The putting of a deed on record is strong presumptive evidence of delivery, and where it confers a substantial right on the grantee, acceptance upon his part will ordinarily be inferred from very slight circumstances; but these are mere presumptions of law, liable to be overthrown by direct negative proof. Here that proof is made in the most satisfactory manner. Mrs. Brandon knew nothing of the deed for several years after it was recorded, and when she learned of it, repudiated the trust with which it was accompanied, and which would certainly have been made a condition precedent to its delivery, if it had been handed to her in person.

She never had the deed in possession at any time. When it was handed to the chancery clerk for record the maker instructed that official to return it to himself, or his attorney, as soon as recorded, and this was done. She saw the deed for the first time when it was produced in court upon the trial of this cause, by the attorney of Semple, in obedience to a *subpœnâ duces tecum.* She was a pure volunteer. She had paid nothing, nor was she under any obligation to pay anything for the conveyance.

Manifestly there had been no delivery or acceptance of the deed, and she was wholly without title. *Bullitt* v. *Taylor*, 34 Miss. 741; 3 Washb. on Real Prop. (3d ed.) 261 (marg. 581), and cases cited; *Jackson* v. *Eames*, 12 Johns. 419; *Hulick* v. *Scoville*, 4 Gilm. 159; *Maynard* v. *Maynard*, 10 Mass. 462.

The verdict and judgment for plaintiff upon the second trial are set aside and vacated; the verdict upon the first trial is reinstated, and judgment for defendant upon that verdict rendered here.