WYMAN v NEWBERRY et

Ohio Appeals, 9th Dist, Medina Co

No 86. Decided April 18, 1929

Van Epp & Porter, Medina, for Wyman.

Guy O Farquharson, Cleveland, for Newberry et.

**PARDEE, J.**

It is conceded that the plaintiff and his wife were joint owners and in possession of all of said property at the time of her death, and that he was devised the life use of the one-half owned by her and that upon her death he elected to take under her will and went into possession of her half by virtue of said devise.

So, is plaintiff, under those circumstances, disabled from having partition of said property or from having it sold if it cannot be divided?

We think he is not so disabled.

The plaintiff owned in his own right, at the time he acquired his life estate, one unincumbered undivided half of said property, and he was in the lawful possession thereof, with the right to ask for a partition and to have his one-half set off in severalty or the whole property sold, as provided by the partition laws of this state. There was not then and is not now, a prior life estate upon the whole of said premises, nor upon the half which he owns in fee, and his election to take under his cotenant wife's will and the rights which accrued therefrom, were not related to or connected with the rights which he previously possessed as the independent owner in fee of the other one-half of said property, and the will did not contain any provision which by his election to take thereunder, estopped him from asserting the rights which he possessed as such independent owner; and the mere fact that he owned one-half of said property and that he acquired the life use of the other half thereof, does not affect or prevent him from asserting those precedent rights which were attached to his interest in the property at the creation of said life estate.

**Lauer v. Green, et al., 99 O. S. 20.**

See also—

**Morgan v. Stoley, 11 Ohio 389.**
**Taber v. Wiseman, et al., 2 O. S. 208.**
**Eberle v. Caier, Jr., et al., 89 O. S. 118.**

We are therefore of the opinion that the plaintiff does state a good cause of action and is entitled to have partition or sale of said property as provided by law.

The next question presented is, can the plaintiff have the value of his life estate determined and paid to him in money out of the proceeds of the sale, if the commissioners determine that the property cannot be divided and that a sale of the entire tract is advisable?

We do not think so.

The plaintiff relies upon **GC. Sec. 12042.**

The defendants object to having the value of the life estate determined and the value thereof paid to the plaintiff in money out of the proceeds of the sale.

The foregoing statute does not give to the plaintiff, as the owner of the life estate, the affirmative right to ask for a determination of the value thereof, but only gives him that right by inference from the terms used; but it does provide that if the commissioners find it for the interest of the parties so to do they may appraise the whole interest and the widow and the tenant for life shall receive the value of their interests out of the proceeds of such sale

When the decedent gave the plaintiff the life use of her real estate, she did not give him the option to ask for the sale thereof and for a determination of its value and the payment of that value to him in money. This she might have done, but for reasons of her own she did not do. The laws of this state give a person of full age and of sound mind and memory and not under restraint, the right to dispose of property by last will and testament lawfully executed. This was done by said decedent.

If it is competent for the legislature to give the plaintiff, as the owner of the life estate, this right, it is a limitation upon the power of disposition of property by will, and is in effect an enlargement of the statutes giving the courts the power to sell entailed estates. If the legislature has this power, it is sufficient to say that it has not exercised it.

We are therefore of the opinion that the plaintiff does not have this right and that the foregoing statute does not have any application to the instant case; but if it be found that the estate cannot be divided without manifest injury and a sale for that reason is necessary, the plaintiff should be paid the value of the one-half owned by him in fee, and the proceeds of the other one-half should be held by a trustee appointed by the court for that purpose and invested as provided by law, and the income, after paying proper charges, should be paid to plaintiff, and the corpus upon his death distributed to the remaindermen, as their interests may appear.

Funk, PJ, and Washburn, J, concur.