# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A14-0719

Marian V. Swanson,
Respondent,

vs.

Terrence K. Swanson,
Appellant.

**Filed December 1, 2014**
**Reversed**
**Cleary, Chief Judge**

Lake County District Court File No. 38-CV-12-594
and
St. Louis County District Court File No. 69VI-CV-12-1080

Colleen A. Kosluchar, Andrew J. Phillips, Phillips Law Office Ltd., Virginia, Minnesota (for respondent)

Richard A. Ohlsen, Richard A. Ohlsen, Ltd., Brainerd, Minnesota; and
William G. Campbell, Campbell Law Offices, Ely, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Cleary, Chief Judge; and Schellhas, Judge.

## S Y L L A B U S

Under the doctrine of merger, a life estate in real property is extinguished when title to the life estate and title to a remainder interest in the property are united in one owner. The life estate, the lesser estate, merges into the remainder interest, the greater estate, resulting in title to a fee simple interest in the property.

The owner of a fee simple interest in real property is not a tenant in common with the owner of a remainder interest under Minn. Stat. § 558.01 (2012).

**O P I N I O N**

**CLEARY**, Chief Judge

Respondent brought an action to partition property under Minn. Stat. § 558.01. Appellant opposed the partition and brought a motion for summary judgment. The district court denied the motion for summary judgment and held that respondent could bring a partition action under section 558.01. The district court found that partition by sale was appropriate after a partition hearing. Because we conclude that respondent's remainder and life estate merge to create a fee simple, and because the owner of a fee simple interest is not a tenant in common with the owner of a remainder interest under section 558.01, we reverse.

**FACTS**

Respondent Marian Swanson and her late husband conveyed a future interest in two properties to their children, Kristin Schumacher and appellant Terrence Swanson, by quit claim deeds executed on January 26, 1996. One property was a homestead located in Babbitt, Minnesota, and the other was a cabin located on White Iron Lake in Lake County, Minnesota. The deeds created a life estate in the two properties for respondent and reserved undivided one-half remainder interests for respondent's daughter and appellant. Respondent's husband died on October 20, 2007. Respondent's daughter and

2

her then husband conveyed their one-half remainder interests back to respondent through quit claim deeds recorded on November 9, 2012.

After respondent received the remainder interests, she brought an action for partition. Appellant moved for summary judgment. The major issue at the summary judgment hearing was whether respondent could bring an action for partition under Minnesota law depending on how the district court classified her property interests. Respondent argued that she had a life estate subject to appellant's undivided one-half remainder in the properties, and a fee simple estate in the other half created by merging her life estate and undivided one-half remainder interests. Respondent argued that the owner of a fee simple interest could bring an action to partition against an undivided one-half remainder under section 558.01. Appellant argued that respondent could not bring an action for partition under Minnesota law. The district court denied appellant's motion for summary judgment in all respects and said that respondent was a "life tenant to the subject properties and an owner of one-half of the remainder in the two properties." The district court reasoned that the remainder and life estate together were an "undivided one-half fee simple (which encompasses both a present and future interest)."

The district court held a partition hearing. At the hearing, respondent argued for partition by sale because one of the properties was a homestead that could not be partitioned in kind without great expense, and the other property was a cabin that could not be divided because of lake-front and septic regulations. The district court found that

partition by sale was appropriate. Appellant timely filed an appeal under Minn. Stat. § 558.215 (2012).

## ISSUES

I. Did appellant waive the right to challenge the district court's characterization of respondent's property interests?

II. Should Minnesota apply the merger doctrine when a person's life estate and remainder interests are united?

III. Does respondent have the requisite property interest under section 558.01 to bring an action for partition?

## ANALYSIS

### I.

In its summary judgment order, the district court held that respondent had the necessary property interests to bring an action for partition. Respondent unpersuasively argues that appellant waived the property interest issue at the partition hearing. This court may review any order affecting the order from which the appeal is taken. Minn. R. Civ. App. P. 103.04; *Thuma v. Kroschel*, 506 N.W.2d 14, 19 (Minn. App. 1993) (stating that an appellate court may review otherwise nonappealable interlocutory orders, such as an order denying summary judgment, on an appeal from a judgment so long as they affect the judgment), *review denied* (Minn. Dec. 14, 1993). A denial of summary judgment based on a legal determination is reviewable on appeal from a final judgment. *Schmitz v.*

4

*Rinke, Noonan, Smoley, Deter, Colombo, Wiant, Von Korff & Hobbs, Ltd.*, 783 N.W.2d 733, 744 (Minn. App. 2010), *review denied* (Minn. Sept. 21, 2010).

Here, the order for partition provides the basis for appeal pursuant to Minn. Stat. § 558.215. However, at the partition hearing the district court referenced the summary-judgment order: "[W]e've discussed [who can bring an action for partition under section 558.01] as part of a summary judgment motion which has already been handled by the Court." There were no disputed facts regarding the property interests at the summary-judgment hearing. The district court's standing determination was a question of law. *See Rukavina v. Pawlenty*, 684 N.W.2d 525, 531 (Minn. App. 2004) (stating that "[w]hether a party has standing to sue is a question of law"). Because the district court found in its summary-judgment order that respondent had standing to bring an action for partition under section 558.01, this court can review the order.

**II.**

Respondent has a life estate and an undivided one-half remainder interest in the properties. Appellant has an undivided one-half remainder interest in the properties subject to respondent's life estate and argues that respondent does not have the requisite property interests to bring an action for partition. In the summary judgment order, the district court held that "[respondent] is the owner of a life estate and a one-half undivided remainder interest which give[s] her the requisite ownership interest to bring an action in partition." Later in the same order, the district court stated that respondent had an "undivided one-half fee simple (which encompasses both a present and future interest)."

5

When appellant challenged the characterization of respondent's property interests at the partition hearing, the district court referenced the summary judgment order. Given the language in the summary judgment order, it is unclear whether the district court applied merger, permitted the partition action to go forward as between two owners of remainder interests, or both.

When the material facts of a case are not in dispute, this court applies a de novo standard of review to determine whether the trial court erred in its application of the law on a motion for summary judgment. *Washington v. Milbank Ins. Co.*, 562 N.W.2d 801, 804 (Minn. 1997). At the summary judgment hearing, appellant and respondent did not dispute the material facts. This court can therefore review the district court's ruling regarding the characterization of respondent's property interest de novo. *Id.* Because no published Minnesota appellate court decision has addressed whether the merger doctrine applies when someone holds both a life estate and remainder in the same property at the same time, we address the issue for the first time.

The supreme court has applied the merger doctrine in other situations instructive here. It has applied merger where the same person owns the dominant and servient estates with an easement. *Pergament v. Loring Props., Ltd.*, 599 N.W.2d 146, 149 (Minn. 1999) ("[A]n easement that benefits the dominant estate and burdens the servient estate is extinguished when fee title to each estate is united in one owner."). The supreme court has also used merger when the same person acquires title to a property and a mortgage on that property. *Davis v. Pierce*, 10 Minn. 376, 378 (1865). In deciding

6

whether the mortgage and title merge, courts look to the intent of the parties to determine whether the mortgage is extinguished.[1]  *Id.*; *Losleben v. Losleben*, 199 Minn. 227, 230, 271 N.W. 463, 464 (1937).  For example, in certain cases the owner of the property who also holds a first mortgage might want to keep the mortgage interest separate so it can be satisfied if the property is sold.  *Losleben*, 199 Minn. at 231, 271 N.W. at 465.

The application of the merger doctrine in this case would be similar to the application of merger involving easements.  In the case of easements, there is no reason to maintain a distinction between the servient estate, dominant estate, and the easement, because the same person owns all three.  Similarly, there is no reason to maintain the separation of a remainder and life estate when the same owner holds them together.  Maintaining the separation would lead to a confusing mix of legal duties that one person would owe to herself.  For example, the life tenant would owe a duty to herself to pay interest and taxes and keep the premises in reasonable repair.  *St. Paul Trust Co. v. Mintzer*, 65 Minn. 124, 131, 67 N.W. 657, 659 (1896).

Because the use of merger in this circumstance is an issue of first impression, this court may also look for guidance from foreign jurisdictions that have addressed the issue. *Bruggeman v. Jerry's Enters., Inc.*, 591 N.W.2d 705, 709 (Minn. 1999).  Many foreign courts hold that if someone holds both a life estate and a remainder in the same property

---

[1] Respondent did not argue whether or not it was her intent to have the interests merge to the district court; the district court never made a ruling on the issue; the parties did not brief the issue on appeal; and this court will therefore not consider the parties' intent regarding merger.  *See Melina v.* Chaplin, 327 N.W.2d 19, 20 (Minn. 1982) (holding that issues not briefed on appeal are waived).

7

at the same time, the property rights merge into a fee simple.[2]  Additionally, an established property law principle is that "whenever a greater estate and a less coincide and meet in one and the same person, without any intermediate estate, the less is immediately annihilated, or, in the law phrase, it is said to be merged, that is, sunk or drowned in the greater."  1 Herbert T. Tiffany et al., *The Law of Real Property* § 70 (3d ed. 1976) (citing 2 William Blackstone, *Commentaries* § 177); *see also Bagley v. McCarthy Bros. Co.*, 95 Minn. 286, 289, 104 N.W. 7, 9 (1905) (reciting same idea expressed in Tiffany's).  Applying this principle to the facts of the case, the life estate, the lesser estate, merges into the remainder, the greater estate.

Given the use of the merger doctrine in other contexts in Minnesota and the persuasive authority of foreign courts, we hold that the doctrine applies in Minnesota when a life estate and remainder interest are united in one owner.  More specifically, the

---

[2] *See Larmon v. Larmon*, 191 S.W. 110, 112 (Ky. 1917) ("Thus, if there be a tenant for years, and the reversion in fee simple descends to or is purchased by him, the term of years is merged in the inheritance, and shall never exist any more."); *Gray v. Shinn*, 127 N.E. 755, 758-59 (Ill. 1920) (applying merger "when an estate for life and the next vested estate in remainder or reversion meet in the same person"); *Allen v. Anderson*, 44 Ind. 395, 399 (1873) (merging life estate in greater estate acquired by deed); *Wagner v. Maskey*, 353 N.W.2d 891, 893 (Iowa Ct. App. 1984) (stating that merger only occurs "when the life tenancy and the remainder interest are owned by the same person"); *Bosley v. Burk*, 139 A. 543, 544 (Md. 1927) ("Upon the purchase of the life estate in the whole and the remainder as to one undivided third by the appellant, all of the requisites necessary to constitute a merger were present."); *Brown v. Long Bell Co.*, 103 So. 353, 355 (Miss. 1925) (merging life estate with remainder when life tenant conveyed her interest to remainderman); *Treiber v. Citizens State Bank*, 598 N.W.2d 96, 97 (N.D. 1999) (merging a life estate with remainder interest in two-thirds of the property to create fee simple in two-thirds).

8

life estate (the lesser estate) is merged in the remainder (the greater estate) and is thereby extinguished.

**III.**

After applying merger, respondent has a one-half fee simple interest in the properties. Appellant has a remainder in the other half of the properties subject to respondent's life estate. We must next address, as a matter of first impression, whether the owner of a fee simple interest can bring an action for partition against the owner of a remainder interest under section 558.01. In its summary judgment order, the district court held that respondent could bring an action for partition. We reverse the district court because the owner of a fee simple interest is not a tenant in common with the owner of a remainder interest under section 558.01.

Interpretation of a statute is a question of law subject to de novo review. *State v. Wetsch*, 511 N.W.2d 490, 491 (Minn. App. 1994), *review denied* (Minn. Apr. 19, 1994). To interpret a statute, this court first assesses "whether the statute's language, on its face, is clear or ambiguous." *Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000). If the language of a statute is unambiguous, it is presumed to manifest legislative intent and we must give it effect. *Burkstrand v. Burkstrand*, 632 N.W.2d 206, 210 (Minn. 2001). This court will interpret technical words or other words according to their special or technical meanings. Minn. Stat. § 645.08, subd. 1 (2012).

Section 558.01 describes who can bring an action for partition:

> When two or more persons are interested, as joint tenants or as tenants in common, in real property in which

9

> one or more of them have an estate of inheritance or for life or for years, an action may be brought by one or more of such persons against the others for a partition thereof according to the respective rights and interests of the parties interested therein . . . .

Minn. Stat. § 558.01. The statute, then, has two requirements regarding who can bring an action for partition: the person must be interested in real property as a tenant in common or joint tenant, and one or more of them must have "an estate of inheritance or for life or for years." *Id*.

Respondent argued that she was a tenant in common with appellant, while appellant argued they were not tenants in common under section 558.01. Tenants in common must share the same right to possession in the property. 2 Herbert T. Tiffany et al., *The Law of Real Property* § 426 (3d ed. 1976) ("Tenancy in common is characterized by unity of possession . . . . The unity of possession means unity of right of possession and not possession in fact."). Since tenants in common must have the same right to possession, section 558.01 requires tenants in common in real property to share a present possessory interest or a future interest. *Id.* Thus, the tenants in common could have fee simple interests, or the tenants in common could have remainder interests. *See Heintz v. Wilhelm*, 151 Minn. 195, 197, 186 N.W. 305, 305 (1922) (permitting an owner of a remainder interest to bring an action for partition against another owner of a remainder subject to the life estate). However, the statute does not permit the owner of a fee simple interest to bring a partition action against the owner of a remainder interest, or vice versa.

Respondent's daughter conveyed her undivided one-half remainder to respondent. Respondent also had a life estate in the properties. The two interests merged to give respondent a fee simple interest in one-half of the properties and a life estate in the other half. Appellant has an undivided one-half remainder interest subject to respondent's life estate. The fee simple is an estate in possession, Minn. Stat. § 500.07 (2012), whereas the remainder is a future estate. Minn. Stat. § 500.11 (2012). Because respondent has a present possessory interest and appellant has a future interest, they do not share the same right to possession and are not tenants in common under the plain meaning of section 558.01. Respondent therefore does not have a right to bring an action for partition.[3]

Respondent cites several foreign cases for the proposition that the owner of a fee simple interest can bring an action for partition against the owner of a remainder interest. However, the statutes in the cases cited by respondent are distinguishable from section 558.01. In *Bosley v. Burk*, the Maryland court allowed the owner of a one-third fee simple to bring an action for partition against the owner of the other two-thirds remainder interest. 139 A. 543, 543-44 (Md. 1927). But the partition statute in Maryland is broader than Minnesota's, it includes any "joint tenant, tenant in common, or any parcener or *any concurrent owner*, whether claiming by descent or purchase." *Id.* at 544 (emphasis added). In *Wyman v. Newberry*, the partition of fee simple and remainder interests was

---

[3] The parties agree that respondent, as the holder of a life estate, cannot bring a partition action against appellant as the owner of an undivided one-half remainder interest. *See Rekovsky v. Glisczinski*, 170 Minn. 303, 304, 212 N.W. 595, 595 (1927) ("The holder of a life estate in the entire property cannot maintain [an action for partition] against the remainder[person] for they are not cotenants.").

11

granted under a statute that allowed "every tenant in common having the possession or an immediate right to the possession of lands" to bring an action for partition. 167 N.E. 414, 415 (Ohio Ct. App. 1929). The Ohio statute was distinguishable, as it allows a "tenant in common *having the possession*" to bring a partition action. *Id.* (emphasis added). In *Orsburn v. Orsburn*, the Kentucky court allowed partition between owners of remainder and a fee simple interests based on a statute that required a person to have "land held jointly with others," with no reference to whether they had to be tenants in common. 244 S.W. 417, 418 (Ky. 1922). The cases cited by respondent are therefore largely unpersuasive given the differences between the partition statutes.

Respondent also argues that a fee simple encompasses both a present and future estate, and that she can bring an action for partition under the future estate of the fee simple. Respondent does not cite any legal authority for this proposition, and it is contrary to property law principles. *See* Restatement (Third) of Prop.: Wills & Donative Transfers § 24.2 (2011) (stating that a fee simple is "never followed by a future interest"). While it is true that a fee simple is descendible or devisable, that does not mean that it also encompasses a future interest. For example, in this case respondent has a fee simple in half the properties without a future interest, such as a reversion or remainder. No one else necessarily has a future interest in the fee simple as respondent could choose to convey it in any number of ways before her death.

Finally, appellant challenges a finding of fact and whether all of the necessary parties were before the district court. Because we find that respondent cannot maintain an action for partition under section 558.01, it is unnecessary to address those arguments.

## DECISION

Under the doctrine of merger, a life estate is extinguished when title to the life estate and title to a remainder interest in the property are united in one owner. The owner of a fee simple is not a tenant in common with the owner of a remainder interest under section 558.01, and respondent does not have the right to bring an action for partition. The district court's order is reversed.

**Reversed.**